BRONSON LAW OFFICES, P.C.
H. Bruce Bronson
480 Mamaroneck Ave.
Harrison, NY 10528
914-269-2530 PH
888-908-6906 FAX
hbbronson@bronsonlaw.net
*Proposed Counsel to Debtor and*
*Debtor-in-Possession*


UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------x
In re:

Myrtle Homosassa, LLC,

                              Debtor.
------------------------------------------------------x

Chapter 11

Case No. :24-41187

## **DEBTOR'S DECLARATION PURSUANT TO LOCAL BANKRUPTCY RULE 1007-4**

STATE OF NEW YORK           )
                            ) ss.:
COUNTY OF QUEENS            )

    I Paul Amato, declare as follows:

1. I am the president of 57-32 Myrtle Avenue Corp., a corporation formed under the laws of
   the state of New York, which is the managing member and owner of Myrtle Homosassa,
   LLC (the "**Debtor**").

2. I submit this declaration (the "**Declaration**") in accordance with Local Bankruptcy Rule
   1007-4, on behalf of the Debtor in connection with its petition, schedules and documents
   filed in connection with the petition (the "**Petition Documents**").

3. I have reviewed the Petition Documents, and I am familiar with the facts alleged and any
   relief requested therein.

4. The Debtor was formed on or about September 10, 2015, for the purpose of owning one-third of the property and building located at 3959 South Suncoast Blvd., Homosassa, FL 34448 (the "**Property**"). See "**Exhibit A**"-Deed.

5. Attached hereto as "**Exhibit B**" is a chart showing the complete ownership of the Property by three related entities[1] (including debtor) that are beneficially owned by Paul Amato and Enzo Bonura, 50% each.

6. The Property was purchased for $5,900,000 on August 10, 2015, at which time CVS EGL Suncoast FL LLC (CV#03370-02) ("**CVS**"), was the tenant of the property under a long-term twenty-year lease, with options to renew, executed in June of 2003 (the "**Lease**").

7. CVS failed to renew the Lease and Debtor has been marketing the Property for Lease and sale since the Lease's expiration.

8. The Debtor in its opinion has valued the Property at approximately $3,000,000 subject to a loan and mortgage originally in the amount of $3,000,000 (the "**Loan**") in favor of Cantor Commercial Real Estate Lending, LP, which was subsequently assigned to GS Mortgage Securities Corporation II, Commercial Mortgage Pass-Through Certificates, Series 2015-GSl, whose trustee is WILMINGTON TRUST, NATIONAL ASSOCIATION, serviced by Greystone Servicing Company LLC  (the "**Secured Lender**").

9. The Debtor's principal tenant was CVS Pharmacy; however, it did not renew its lease.

10. On or about February 6, 2024, the Secured Lender filed a commercial foreclosure action in the Circuit Court of the Fifth Judicial Circuit, Citrus County Florida at index no. 2024-CA-000080-A, stating that the Debtor was in default on the Loan, in part because of the bankruptcy filing of Paul Amato.

---

[1] Winwood Partners 2, LLC (owned 100% by Paul Amato, Winwood Partners 3, LLC 100% owned by Enzo Bonura and the Debtor 100% owned by 57-32 Myrtle Avenue Corp. (owned 50% by Paul Amato and 50% by Enzo Bonura0 each own approximately 1/3 of the Property.

11. The Debtor filed for relief under Chapter 11 of the bankruptcy code on March 20, 2024, in the Eastern District of New York because three other affiliated cases are pending there[2].

12. Debtor will be seeking a first day motion for use of cash collateral, and until that is granted shall hold all funds that it has in its bank account or debtor-in-possession account when set up.

13. All facts set forth in this Declaration are based upon my: (i) personal knowledge; (ii) review of relevant documents; and (iii) opinion based upon my experience and knowledge with respect to the Debtor's operations and financial condition. All financial information submitted with this Declaration is an estimate and unaudited, unless otherwise indicated.

**BACKGROUND OF THE DEBTOR AND ITS BUSINESS**

14. The Property was acquired by the Debtor and two other entities (see **Exhibit B**) all beneficially owned by Paul Amato and Enzo Bonura in a complicated 1031 exchange under the tax code.

15. The Debtor's long-term tenant was CVS that paid $33,732 a month in rent and did not renew its lease and has left the Debtor without income until it can either sell the Property or release the property and cure the defaults.

16. The Debtor believes that the Secured Lender is holding approximately $100,000 of funds of Debtors that could be used for adequate assurance payments once a cash collateral motion is granted. These funds were withheld prior to the loan being in default because

---

[2] The Burger Building (case no.: 23-40481-JMM), 57-36 Myrtle Avenue, LLC (case no.: 23-40482-JMM) and Paul Amato (case no.:23-43253-JMM)

the CVS lease was coming to an end. Debtor will make a demand for turnover of these

funds.

17. The undesigned pursuant to the requirements of LR 1007-4 states as follows:

    a. **Whether the Debtor is a small business debtor LR 1007-4(a)(i) and whether the Debtor is a single asset real estate debtor within the meaning of Bankruptcy Code Section 101(51D) LR 1007-4(a)(ii).**

18. The Debtor is not a small business within the meaning of Bankruptcy Code § 101(51D).

The Debtor is a single asset real estate debtor.

    b. **Debtor's business and circumstances leading to the Debtor's filing. LR 1007-4(a)(iii).**

19. The Debtor fell behind on mortgage payments when its long-term tenant, CVS did not

renew the Lease. The Debtor is seeking a replacement tenant and pursuing the possibility

of a sale.

20. The Debtor believes the Property is worth approximately $3,000,000 of which it owns

one third with the other two thirds owned as set forth in the organizational chart attached

as Exhibit B.

    c. **In a case commenced under chapter 7, 12 or 13, the name and address of any trustee appointed in the case and, in a case originally commenced under chapter 7, the names and addresses of the members of any creditors' committee elected under Bankruptcy Code § 705. LBR 1007-4(a)(iv).**

21. This case was not commenced under Chapter 7, 12 or 13.

    d. **The names and addresses of the members of, and professionals employed by, any committee organized prior to the order for relief in the chapter 11 case, and a description of the circumstances surrounding the formation of the committee and the date of its formation. LBR 1007-4(a)(v).**

22. No committee has been organized prior to the order for relief in this chapter 11 case.

    e. **The 20 largest general unsecured claims, excluding insiders: name, address, telephone number, names of persons familiar with the debtor's account,**

**amount of the claim, and whether the claim is contingent, unliquidated, disputed, or partially secured. LBR 1007-4(a)(vi).**

23. The names and addresses of the twenty (20) largest unsecured creditors excluding (i) those creditors who or which would not be entitled to vote at a creditors' meeting under 11 USC Section 702; (ii) such creditors who were employees of the Debtor at the time of the filing of its petition for reorganization; and (iii) creditors who are insiders as that term is defined in 11 USC Section 101(31) are annexed hereto as "**Exhibit C**".

    **f. The 5 largest secured claims: name, address, amount of the claim, a description and an estimate of the value of the collateral securing the claim and whether the claim or lien is disputed. LBR 1007-4(a)(vii).**

24. The only secured creditor known to the Debtor is the mortgage holder previously listed as:

| Creditor | Amount Owed |
|---|---|
| WILMINGTON TRUST, NATIONAL ASSOCIATION, AS TRUSTEE, FOR THE BENEFIT OF THE REGISTERED HOLDERS OF GS MORTGAGE SECURITIES CORPORATION II, COMMERCIAL MORTGAGE PASSTHROUGH CERTIFICATES, SERIES 2015-GSI, acting by and through its special servicer, Greystone Servicing Company LLC, a Delaware limited liability company, | $2,500,000 |

The Debtor disputes the debt as to amount and is unsure of the actual amount owed since the Secured Lender in its foreclosure lawsuit only refers to the original amount of the loan even though it's been paid down for nine years.

    **g. A summary of the debtor's assets and liabilities. LBR 1007-4(a)(viii).**

25. The Debtor's major asset is the Property. "**Exhibit D**" lists the Debtor's assets and liabilities.

      **h.  The number and classes of shares of stock, debentures, or other securities of the debtor that are publicly held. LBR 1007-4(a)(ix)**

21. No interests or shares of the Debtor are publicly held. The beneficial ownership of is Paul

    Amato and Enzo Bonura, 50% each.

      **i.  A list of all of the debtor's property in the possession or custody of any custodian, public officer, mortgagee, pledgee, assignee of rents, or secured creditor, or agent for any such entity. LBR 1007-4(a)(x).**

22. The Secured Lender may be holding funds in a suspense account that it collected from

    the tenant. The amount held is unknown.

      **j.  A list of the premises owned, leased, or held under any other arrangement from which the debtor operates its business. LBR 1007-4(a)(xi)**

23. The Property is managed by Messers. Amato and Bonura from their homes.

      **k.  The location of the debtor's significant assets, the location of its books and records and the nature, location, and value of any assets held by the debtor outside the territorial limits of the United States. LBR 1007-4(a)(xii).**

24. Debtor's principal asset is the Property located at 3959 South Suncoast Blvd.,

    Homosassa, FL. Its books and records are kept at the principals' homes in Franklin

    Square, New York.

      **l.  The nature and present status of each action or proceeding, pending or threatened, against the debtor or its property where a judgment against the debtor or a seizure of its property may be imminent. LBR 1007-4(a)(xiii).**

25. The only action pending against the Debtor is the Foreclosure Action set forth above.

      **m.  The names of the debtor's existing senior management, their tenure with the debtor, and a summary of their relevant responsibilities and experience. LBR 1007-4(a)(xiv).**

26. Paul Amato and Enzo Bonura are the managing members and 50% beneficial owners of

    the Debtor.

    **n. The estimated amount of the weekly payroll to employees (exclusive of officers, directors, stockholders, partners and members) for the 30-day period following the filing of the chapter 11 petition. LBR 1007-4(a)(xv).**

27. There are no employees of the Debtor.

    **o. The amount paid and proposed to be paid for services for the 30-day period following the filing of the chapter 11 petition to (A) Officers and directors. LBR 1007-4(a)(xvi).**

28. None.

    **p. A Schedule for the 30-day period following the filing of the chapter 11 petition, of estimated cash receipts and disbursements, net cash gain or loss, obligations and receivables expected to accrue but remaining unpaid, other than professional fees, and any other information relevant to an understand of the foregoing. LBR 1007-4(a)(xvii).**

29. Attached hereto as "**Exhibit E**".

    **q. A schedule of the debtor's current insurance policies, including the identity of the insurer, policy period and type of insurance for each insurance policy listed.**

30. Attached hereto as "**Exhibit F**".

    **r. A schedule of the Debtor's bank accounts, including the name and address of the banking institution where the accounts are held, the name on the account, and the nature of the account for each bank account listed; and**

31. Attached hereto as "**Exhibit G**".

    **s. Such additional information as may be necessary to fully inform the Court of the debtor's rehabilitation prospects. LBR 1007-4(a)(xx).**

## The First-Day Motions

32. The Debtor is filing a "First Day Motion" to use cash collateral. The Debtor seeks only limited relief in its First Day Motions. However, receiving this Court's approval of the relief sought in the First Day Motions is essential to transitioning the Debtor into chapter 11 which will provide the Debtor an opportunity to work towards a successful restructuring that will benefit all of the Debtor's creditors and stakeholders. I respectfully

submit that (i) the relief requested in the First Day Motion is necessary to enable the

Debtor to operate with minimal disruption during the pendency of this chapter 11 case,

and (ii) prompt approval of the First Day Motion is warranted.

**Motion for an Order (A) Authorizing the Use Of Cash Collateral Pursuant to Bankruptcy Code Section 363(C)(2) and Bankruptcy Rule 4001 on an Interim Basis and Providing Adequate Protection therefor Pursuant to 11 U.S.C. Sections 361 And 362, (B) Scheduling A Final Hearing; and (C) for Such Other And Further Relief as the Court Finds Just and Proper.**

33. The Debtor is liable to the Secured Lender for the Loan, subject to dispute as to the

amount. The monthly debt service is approximately $16,500 per month. Debtor is filing a

motion to utilize cash collateral to continue operating its business. Absent approval of the

Debtor's use of cash collateral, the Debtor would be unable to fund its operations and

would be unable to meet its obligations to the Secured Lender, insurance, and property

tax.

34. Debtor seeks an interim cash collateral order followed by a permanent cash collateral

order at a later date.

35. The Debtor believes that it is in the best interests of all its creditors that it be afforded an

opportunity to cure the loan, refinance or sell the Property in Chapter 11 in that the

Property has equity and the Secured Lender is protected from loss.

Pursuant to 28 USC section 1746, I declare under penalty of perjury that the foregoing is

true and correct.

**Dated: March 28, 2024**

/s/ *Paul Amato*
Paul Amato

# EXHIBIT A

## DEED

Consideration: $5,900,000.00
Tax Parcel Identification Number:
17E19S220010 00230 0010

PREPARED BY AND RETURN TO:
Akerman LLP
666 Fifth Avenue, 20th Floor
New York, New York 10103
Attn: Kenneth Gordon

~: 746457
st American Title Ins. Co.
6 Third Avenue, 5th Floor
w York, NY 10017

E-RECORDED    simplifile'

ID: 2015049514
County: Citrus
Date: 10-22-15   Time: 4:04 Pm

# SPECIAL WARRANTY DEED

The name of each person who executed, witnessed or notarized this document must be legibly printed, typewritten or stamped immediately beneath the signature of each person.

THIS INDENTURE, made this __21__ day of October, 2015, by and between

**HOMOSASSA REALTY LLC**

a limited liability company existing under the laws of the State of Delaware, whose mailing address is:

c/o the Goldberg Group, 1 North Broadway, Suite 400, White Plains, New York 10601

hereinafter referred to as the **GRANTOR**, to

**WINWOOD-HOMOSASSA 2, LLC**

a limited liability company existing under the laws of the State of Delaware, whose mailing address is:

957 Lorraine Drive, Franklin Square, New York 11010, as to a 33.33% interest as a tenant-in-common;

**WINWOOD-HOMOSASSA 3, LLC**

a limited liability company existing under the laws of the State of Delaware, whose mailing address is:

957 Lorraine Drive, Franklin Square, New York 11010, as to a 33.33% interest as a tenant-in-common;

**MYRTLE-HOMOSASSA, LLC**

a limited liability company existing under the laws of the State of Delaware, whose mailing address is:

957 Lorraine Drive, Franklin Square, New York 11010, as to a 33.34% interest as a tenant-in-common;

hereinafter collectively referred to as the **GRANTEE**

WITNESSETH, that the said GRANTOR, for and in consideration of the sum of Five Million Nine Hundred Thousand dollars ($5,900,000.00) and other good and valuable consideration, to it in hand paid by GRANTEE, receipt whereof is hereby acknowledged, has granted, bargained, conveyed and sold to the said GRANTEE forever, the following described land situate, lying and being in the County of Citrus, State of Florida, to wit:

See Exhibit "A" attached hereto and by this reference made a part hereof.

SUBJECT TO covenants, restrictions, easements of record and taxes for the current year.

Tax Parcel Identification Number: 17E19S220010 00230 0010

TOGETHER WITH all the tenements, hereditaments and appurtenances belonging or in any way appertaining to the Property.

TO HAVE AND TO HOLD the same in fee simple forever.

And Grantor hereby covenants with Grantee that Grantor is lawfully seized of the Property in fee simple; that Grantor has good right and lawful authority to sell and convey the Property; and that Grantor does hereby fully warrant the title to the Property and will defend the same against lawful claims of all persons claiming by, through or under Grantor, but against none other.

WITNESS WHEREOF, the said GRANTOR has caused these presents to be signed in its
e by its _____Manager_____ and its corporate seal to be affixed, attested by its
_____Counsel_____ the day and year above written

ed, Sealed and Delivered in Our Presence:

_____
ESS SIGNATURE

_____
OR PRINT WITNESS' NAME

_____
ESS SIGNATURE

_____
OR PRINT WITNESS' NAME

HOMOSASSA REALTY LLC

By: _____
Name: Joshua Goldberg
Title:  Manager

est: _____
ne:
e:

TE OF NEW YORK

UNTY OF WESTCHESTER

e foregoing instrument was acknowledged before me this 15th day of October, 2015, by
shua Goldberg, Manager, of HOMOSASSA REALTY LLC as a duly authorized act for and
behalf of said Delaware limited liability company.  He/she is personally known to me or has
duced _____ as identification and did/did not take an oath.

_____
Notary Public, State of New York

MELANIA  P.  CARTAGENA
TYPE OR PRINT NAME OF OFFICER TAKING ACKNOWLEDGMENT

tary expiration date: 12/24/16                    *Notary Seal*

MELANIA P. CARTAGENA
Notary Public, State of New York
No. 01CA6273995
Qualified in Westchester County
Commission Expires December 24, 2016

IN WITNESS WHEREOF, the said GRANTOR has caused these presents to be signed in its name by its _Manager_ and its corporate seal to be affixed, attested by its _Counsel_ the day and year above written

Signed, Sealed and Delivered in Our Presence:

_Michael Podolsky_
WITNESS SIGNATURE

Michael Podolsky
TYPE OR PRINT WITNESS' NAME

_signature_
WITNESS SIGNATURE

Stewart Wolf
TYPE OR PRINT WITNESS' NAME

Attest: _____

Name:

Title:

HOMOSASSA REALTY LLC

By: _____
Name: Joshua Goldberg
Title: Manager

STATE OF NEW YORK

COUNTY OF WESTCHESTER

The foregoing instrument was acknowledged before me this _15th_ day of October, 2015, by Joshua Goldberg, Manager, of **HOMOSASSA REALTY LLC** as a duly authorized act for and on behalf of said Delaware limited liability company. He/she is personally known to me or has produced _____ as identification and did/did not take an oath.

_Melania P. Cart_
Notary Public, State of New York

MELANIA P. CARTAGENA
TYPE OR PRINT NAME OF OFFICER TAKING ACKNOWLEDGMENT

Notary expiration date: 12/24/16

*Notary Seal*

MELANIA P. CARTAGENA
Notary Public, State of New York
No. 01CA6273995
Qualified In Westchester County
Commission Expires December 24, 2016

EXHIBIT A

LEGAL DESCRIPTION

*EXHIBIT "A"*
*Legal Description*

Lots 1 through 19, Block 23, PLAT OF UNIT NO. 1 OF HOMOSASSA, as recorded in Plat Book 1, Page 43, of the public records of Citrus County, Florida, together with the vacated alleys in said Block 23, as vacated by Resolution recorded in Minute Book 13, Page 118, of said public records, and LESS and EXCEPT any portion of said lots lying within 60 feet of the centerline of U.S. Highway 19. Said Parcel also being described as follows:

Commencing at the Northwest corner of Block 23, PLAT OF UNIT NO. 1 OF HOMOSASSA, as recorded in Plat Book 1, Page 43, of the public records of Citrus County, Florida; said point lying on the Southerly right-of-way line of Aquaduct St. (Seventh St. per plat); thence along said South right-of-way line and the North boundary of said Block 23, North 89°18'24" East, 9.99 feet to the Point of Beginning of the herein described Parcel; thence continue along said South right-of-way line and North boundary, North 89°26'35" East, 250.15 feet to a point on the North boundary of said Block 23; thence South 43°56'31" East, 14.15 feet to a point on the West right-of-way line of Pittsburgh Ave. (Pennsylvania Ave. per plat), said point also lying on the East boundary of said Block 23; thence along said West right-of-way line and East boundary, South 00°30'41" East, 224.72 feet to a point on the East boundary of said Block 23; thence South 44°33'20" West, 14.09 feet to a point on the North right-of-way line of Grover Cleveland Blvd., said point also lying on the South boundary of said Block 23; thence along said North right-of-way line and said South boundary, South 89°32'27" West, 250.33 feet to a point on the East right-of-way line of U.S. 19 (Broadway Ave. per plat), said point also lying on the West boundary of said Block 23; thence North 45°26'01" West, 14.14 feet to a point on the East right-of-way line of U.S. 19 (Broadway Ave. per plat), said point also lying on the West boundary, North 00°24'30" West, 224.45 feet to a point on the West boundary of said Block 23; thence North 44°19'22" East, 14.19 feet to the Point of Beginning.

**EXHIBIT B**
**Organizational Chart**

# ORG. CHART



**57-32 MYRTLE AVENUE CORP.**
NY
50% OWNED BY
ENZO BONURA AND PAUL AMATO

↓ 100%

**MYRTLE-HOMOSASSA, LLC**
DELAWARE
50% OWNED BY
ENZO BONURA
AND PAUL AMATO
33.34%
T/C INTEREST
9/10/15

**WINWOOD PARTNERS 3, LLC**
FLORIDA
100% OWNED BY ENZO BONURA

↓ 100%

**WINWOOD-HOMOSASSA 2, LLC**
DELAWARE
100% OWNED
BY ENZO BONURA
33.33%
T/C INTEREST
FORMED: 9/10/15

**WINWOOD PARTNERS 2, LLC**
FLORIDA
100% OWNED BY PAUL AMATO

↓ 100%

**WINWOOD-HOMOSASSA 2, LLC**
DELAWARE
100% OWNED
BY PAUL AMATO
33.33%
T/C INTEREST
FORMED: 9/10/15

*EIN's PENDING APPLCATIONS*

## EXHIBIT C

## LIST OF CREDITORS HOLDING 20 LARGEST UNSECURED CLAIMS

| Name | Amount | Nature of Debt/Obligation |
|------|--------|---------------------------|
| Janice A. Warren CFC<br>Citrus County Tax Collector<br>210 N. Apopka Ave., Suite 100<br>Inverness, FL 34450 | $50,000 | Ad Valorem Taxes |

# EXHIBIT D

## ASSETS AND LIABILITIES

**Assets:**

| | |
|---|---|
| Real Property: | $3,000,000 (Debtor's principal's estimate of value) |
| Bank Account | $ 46,962 |

**Total:** $3,046,962

**Liabilities:**

**Secured**

| | |
|---|---|
| Mortgage | $2,500,000 |

**Unsecured**

| | |
|---|---|
| Other Creditors | $50,000 |

**Total:** **$2,550,000**

**Net: $496,962**

**EXHIBIT E**

**SCHEDULE OF ANTICIPATED CASH RECEIPTS AND DISBURSEMENTS FOR THE THIRTY DAY PERIOD FOLLOWING FILING OF THE CHAPTER 11 PETITION**

| | |
|---|---|
| **Income** | $      0 |
| **Expenses** | |
| Mortgage | $ 16,500 |
| Operating costs | $  1,500 |
| **Total** | **$ 18,000** |

**EXHIBIT F**

**INSURANCE**

| Name of Insurance Co. | Policy Period | Type of Insurance |
|---|---|---|
| Grand Insurance Agency | 1/17/2024 to 1/17/2025 | General Liability and Property |

# ACORD® CERTIFICATE OF LIABILITY INSURANCE

**DATE (MM/DD/YYYY)** 03/28/2024

THIS CERTIFICATE IS ISSUED AS A MATTER OF INFORMATION ONLY AND CONFERS NO RIGHTS UPON THE CERTIFICATE HOLDER. THIS CERTIFICATE DOES NOT AFFIRMATIVELY OR NEGATIVELY AMEND, EXTEND OR ALTER THE COVERAGE AFFORDED BY THE POLICIES BELOW. THIS CERTIFICATE OF INSURANCE DOES NOT CONSTITUTE A CONTRACT BETWEEN THE ISSUING INSURER(S), AUTHORIZED REPRESENTATIVE OR PRODUCER, AND THE CERTIFICATE HOLDER.

IMPORTANT: If the certificate holder is an ADDITIONAL INSURED, the policy(ies) must have ADDITIONAL INSURED provisions or be endorsed. If SUBROGATION IS WAIVED, subject to the terms and conditions of the policy, certain policies may require an endorsement. A statement on this certificate does not confer rights to the certificate holder in lieu of such endorsement(s).

**PRODUCER**
Grand Insurance Agency
7119 80th St Ste 8313
Glendale          NY 11385-7733

**CONTACT NAME:** Gary Lombardo
**PHONE (A/C, No, Ext):** (718) 205-1711
**FAX (A/C, No):** (646) 619-4770
**E-MAIL ADDRESS:** Gary@Grand-Ins.com

| INSURER(S) AFFORDING COVERAGE | NAIC # |
|---|---|
| INSURER A : US Liability Insurance Company | |
| INSURER B : | |
| INSURER C : | |
| INSURER D : | |
| INSURER E : | |
| INSURER F : | |

**INSURED**
Myrtle-Homosassa LLC, Winwood-Homosassa 2 LLC,
Winwood-Homosassa 3 LLC
957 LORRAINE DRIVE
FRANKLIN SQUARE          NY 11010

**COVERAGES      CERTIFICATE NUMBER:        REVISION NUMBER:**

THIS IS TO CERTIFY THAT THE POLICIES OF INSURANCE LISTED BELOW HAVE BEEN ISSUED TO THE INSURED NAMED ABOVE FOR THE POLICY PERIOD INDICATED. NOTWITHSTANDING ANY REQUIREMENT, TERM OR CONDITION OF ANY CONTRACT OR OTHER DOCUMENT WITH RESPECT TO WHICH THIS CERTIFICATE MAY BE ISSUED OR MAY PERTAIN, THE INSURANCE AFFORDED BY THE POLICIES DESCRIBED HEREIN IS SUBJECT TO ALL THE TERMS, EXCLUSIONS AND CONDITIONS OF SUCH POLICIES. LIMITS SHOWN MAY HAVE BEEN REDUCED BY PAID CLAIMS.

| INSR LTR | TYPE OF INSURANCE | ADDL INSD | SUBR WVD | POLICY NUMBER | POLICY EFF (MM/DD/YYYY) | POLICY EXP (MM/DD/YYYY) | LIMITS | |
|---|---|---|---|---|---|---|---|---|
| A | X COMMERCIAL GENERAL LIABILITY<br>CLAIMS-MADE X OCCUR<br>Deductible = 0<br>X Terrorism Included | | Y | GL1232231 | 01/17/2024 | 01/17/2025 | EACH OCCURRENCE | $ 1,000,000 |
| | | | | | | | DAMAGE TO RENTED PREMISES (Ea occurrence) | $ 100,000 |
| | | | | | | | MED EXP (Any one person) | $ 5,000 |
| | | | | | | | PERSONAL & ADV INJURY | $ 1,000,000 |
| | GEN'L AGGREGATE LIMIT APPLIES PER:<br>X POLICY PRO-JECT LOC<br>OTHER: | | | | | | GENERAL AGGREGATE | $ 2,000,000 |
| | | | | | | | PRODUCTS - COMP/OP AGG | $ Included |
| | AUTOMOBILE LIABILITY<br>ANY AUTO<br>OWNED AUTOS ONLY / SCHEDULED AUTOS<br>HIRED AUTOS ONLY / NON-OWNED AUTOS ONLY | | | | | | COMBINED SINGLE LIMIT (Ea accident) | $ |
| | | | | | | | BODILY INJURY (Per person) | $ |
| | | | | | | | BODILY INJURY (Per accident) | $ |
| | | | | | | | PROPERTY DAMAGE (Per accident) | $ |
| | | | | | | | | $ |
| | UMBRELLA LIAB OCCUR<br>EXCESS LIAB CLAIMS-MADE<br>DED RETENTION $ | | | | | | EACH OCCURRENCE | $ |
| | | | | | | | AGGREGATE | $ |
| | WORKERS COMPENSATION AND EMPLOYERS' LIABILITY Y/N<br>ANY PROPRIETOR/PARTNER/EXECUTIVE OFFICER/MEMBER EXCLUDED? (Mandatory in NH)<br>If yes, describe under DESCRIPTION OF OPERATIONS below | N/A | | | | | PER STATUTE / OTH-ER | |
| | | | | | | | E.L. EACH ACCIDENT | $ |
| | | | | | | | E.L. DISEASE - EA EMPLOYEE | $ |
| | | | | | | | E.L. DISEASE - POLICY LIMIT | $ |

**DESCRIPTION OF OPERATIONS / LOCATIONS / VEHICLES (ACORD 101, Additional Remarks Schedule, may be attached if more space is required)**
Property Address: CVS Homosassa, 3959 S. Suncoast Blvd, Homosassa, Fl. 34448.

**CERTIFICATE HOLDER**

**CANCELLATION**

SHOULD ANY OF THE ABOVE DESCRIBED POLICIES BE CANCELLED BEFORE THE EXPIRATION DATE THEREOF, NOTICE WILL BE DELIVERED IN ACCORDANCE WITH THE POLICY PROVISIONS.

**AUTHORIZED REPRESENTATIVE**
*Vlora Osmanovic*

© 1988-2015 ACORD CORPORATION. All rights reserved.
ACORD 25 (2016/03)      The ACORD name and logo are registered marks of ACORD

# ACORD®    EVIDENCE OF COMMERCIAL PROPERTY INSURANCE

| | DATE (MM/DD/YYYY) |
|---|---|
| | 03/28/2024 |

THIS EVIDENCE OF COMMERCIAL PROPERTY INSURANCE IS ISSUED AS A MATTER OF INFORMATION ONLY AND CONFERS NO RIGHTS UPON THE ADDITIONAL INTEREST NAMED BELOW. THIS EVIDENCE DOES NOT AFFIRMATIVELY OR NEGATIVELY AMEND, EXTEND OR ALTER THE COVERAGE AFFORDED BY THE POLICIES BELOW. THIS EVIDENCE OF INSURANCE DOES NOT CONSTITUTE A CONTRACT BETWEEN THE ISSUING INSURER(S), AUTHORIZED REPRESENTATIVE OR PRODUCER, AND THE ADDITIONAL INTEREST.

| PRODUCER NAME, CONTACT PERSON AND ADDRESS | PHONE (A/C, No, Ext): (718) 205-1711 | COMPANY NAME AND ADDRESS | | NAIC NO: |
|---|---|---|---|---|
| Grand Insurance Agency | | Century Surety Insurance Co. | | |
| Vlora Osmanovic | | | | |
| 7119 80th St Ste 8313 | | | | |
| Glendale    NY 11385-7733 | | | | |
| FAX (A/C, No): (646) 619-4770 | E-MAIL ADDRESS: Vlora@Grand-Ins.com | IF MULTIPLE COMPANIES, COMPLETE SEPARATE FORM FOR EACH | | |
| CODE: | SUB CODE: | POLICY TYPE | | |
| AGENCY CUSTOMER ID #: 102307423 | | Commercial Package | | |

| NAMED INSURED AND ADDRESS | LOAN NUMBER | POLICY NUMBER |
|---|---|---|
| Myrtle-Homosassa LLC, Winwood-Homosassa 2 LLC, | 030310222 | CCP1180029 |
| Winwood-Homosassa 3 LLC | EFFECTIVE DATE | EXPIRATION DATE | |
| 968 Lorraine Dr, Franklin Square    NY 11010-1813 | 01/18/2024 | 01/18/2025 | ☐ CONTINUED UNTIL TERMINATED IF CHECKED |
| ADDITIONAL NAMED INSURED(S) | THIS REPLACES PRIOR EVIDENCE DATED: | | |

## PROPERTY INFORMATION (ACORD 101 may be attached if more space is required)  ☐ BUILDING OR ☐ BUSINESS PERSONAL PROPERTY

**LOCATION / DESCRIPTION**

CVS Homosassa

3959 S. Suncoast Blvd Homosassa    FL 34448    Building Coverage provide on a contingent basis.

THE POLICIES OF INSURANCE LISTED BELOW HAVE BEEN ISSUED TO THE INSURED NAMED ABOVE FOR THE POLICY PERIOD INDICATED. NOTWITHSTANDING ANY REQUIREMENT, TERM OR CONDITION OF ANY CONTRACT OR OTHER DOCUMENT WITH RESPECT TO WHICH THIS EVIDENCE OF PROPERTY INSURANCE MAY BE ISSUED OR MAY PERTAIN, THE INSURANCE AFFORDED BY THE POLICIES DESCRIBED HEREIN IS SUBJECT TO ALL THE TERMS, EXCLUSIONS AND CONDITIONS OF SUCH POLICIES. LIMITS SHOWN MAY HAVE BEEN REDUCED BY PAID CLAIMS.

### COVERAGE INFORMATION    PERILS INSURED    ☐ BASIC   ☐ BROAD   ☒ SPECIAL

COMMERCIAL PROPERTY COVERAGE AMOUNT OF INSURANCE:  $ 1,900,000      DED: 25,000

| | YES | NO | N/A | |
|---|---|---|---|---|
| ☐ BUSINESS INCOME ☐ RENTAL VALUE | X | | | IF YES, LIMIT:     ☒ Actual Loss Sustained; # of months: 12 |
| BLANKET COVERAGE | | X | | If YES, indicate value(s) reported on property identified above: $ |
| TERRORISM COVERAGE | X | | | Attach Disclosure Notice / DEC |
|    IS THERE A TERRORISM-SPECIFIC EXCLUSION? | | X | | |
|    IS DOMESTIC TERRORISM EXCLUDED? | | X | | |
| LIMITED FUNGUS COVERAGE | | X | | If YES, LIMIT:     DED: |
| FUNGUS EXCLUSION (If "YES", specify organization's form used) | | X | | |
| REPLACEMENT COST | X | | | |
| AGREED VALUE | X | | | |
| COINSURANCE | | X | | If YES,    % |
| EQUIPMENT BREAKDOWN (If Applicable) | | X | | If YES, LIMIT:     DED: |
| ORDINANCE OR LAW - Coverage for loss to undamaged portion of bldg | | X | | If YES, LIMIT:     DED: |
|    - Demolition Costs | | X | | If YES, LIMIT:     DED: |
|    - Incr. Cost of Construction | | X | | If YES, LIMIT:     DED: |
| EARTH MOVEMENT (If Applicable) | | X | | If YES, LIMIT:     DED: |
| FLOOD (If Applicable) | | X | | If YES, LIMIT:     DED: |
| WIND / HAIL INCL ☐ YES ☐ NO Subject to Different Provisions: | X | | | If YES, LIMIT: 1,900,000     DED: 25,000 |
| NAMED STORM INCL ☐ YES ☐ NO Subject to Different Provisions: | X | | | If YES, LIMIT: 1,900,000     DED: 25,000 |
| PERMISSION TO WAIVE SUBROGATION IN FAVOR OF MORTGAGE HOLDER PRIOR TO LOSS | X | | | |

## CANCELLATION

SHOULD ANY OF THE ABOVE DESCRIBED POLICIES BE CANCELLED BEFORE THE EXPIRATION DATE THEREOF, NOTICE WILL BE DELIVERED IN ACCORDANCE WITH THE POLICY PROVISIONS.

## ADDITIONAL INTEREST

| ☐ CONTRACT OF SALE ☐ LENDER'S LOSS PAYABLE ☐ LOSS PAYEE | LENDER SERVICING AGENT NAME AND ADDRESS |
|---|---|
| ☒ MORTGAGEE | |
| NAME AND ADDRESS | |
| | AUTHORIZED REPRESENTATIVE |
| | *Vlora Osmanovic* |

© 2003-2015 ACORD CORPORATION. All rights reserved.

ACORD 28 (2016/03)     The ACORD name and logo are registered marks of ACORD

## EXHIBIT G

## BANK ACCOUNTS

Prior to filing the Debtor has one bank account with JP Morgan Chase Bank, N.A. Account number XXXXXXXXXXXX6033 Upon establishment of the Debtor in Possession Account, this account will be closed.