UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------x
In re:

                            Case No.  24-41187-JMM
                            Chapter 11

MYRTLE HOMOSASSA, LLC

                        Debtor

-----------------------------------------------------------x

**ORDER (A) AUTHORIZING AND APPROVING THE SALE OF DEBTOR'S PROPERTY PURSUANT TO 11 U.S.C. §§ 105(a), 363(b), (f),(h) AND (m), 503 AND 507, OF THE BANKRUPTCY CODE AND RULES 2002, 6004, 9006 AND 9007 OF THE FEDERAL RULES OF BANKRUPTCY PROCEDURE AND 6004-1 OF THE LOCAL RULES FOR THE UNITED STATES BANKRUPTCY COURT FOR THE EASTERN DISTRICT OF NEW YORK AND SALE GUIDELINES PURSUANT TO ADMINISTRATIVE ORDER 577 FOR THE UNITED STATES BANKRUPTCY COURT FOR THE EASTERN DISTRICT OF NEW YORK; (B) APPROVING THE CONTRACT OF SALE IN CONNECTION THEREWITH; (C) AUTHORIZING AND APPROVING THE DISTRIBUTION OF CERTAIN OF THE SALE PROCEEDS AND CERTAIN OF THE FEES AND EXPENSES OF THE SALE; AND (E) FOR SUCH OTHER AND FURTHER RELIEF AS<br>THE COURT DEEMS PROPER**

Upon the motion [ECF Dkt. No. 46] as amended on November 18, 2024 [ECF Dkt. No. 55] (the "Sale Motion")[1] filed by Bronson Law Offices P.C. on behalf of Myrtle-Homosassa, LLC, (the "Debtor" or "Seller"), seeking entry of an order (this "Sale Order") (a) authorizing and approving the sale of substantially all of the Debtor's assets (the "Property") free and clear of all liens, claims and encumbrances; (b) approving the contract of sale attached to the Sale Motion (together with all schedules, exhibits, and ancillary documents related thereto, the ("Contract"); (c) authorizing and approving the distribution of certain of the sale proceeds for real estate brokerage commissions, real property taxes and necessary costs of the closing; and (e) for such

---

[1] Capitalized terms used but not defined herein shall have the meanings ascribed to them in the Sale Motion.

other and further relief as the court deems proper; and all interested parties having been afforded an opportunity to be heard with respect to the Sale Motion and all relief related thereto; and the Court having reviewed and considered the Sale Motion and all relief related thereto; and there being no objections to the Motion with respect to the relief requested by the Debtor in the Sale Motion and the various papers filed in support of the Motion;; this Court having jurisdiction over this matter; and that this Court being authorized to enter a final order consistent with Article III of the United States Constitution; and this Court having found that venue of this proceeding and the Sale Motion in this district is proper; and it further appearing that the legal and factual bases set forth in the Sale Motion establish just cause for the relief granted herein; and it appearing that the relief requested in the Sale Motion is in the best interests of the Debtor, its estate, its creditors, and all other parties in interest; and upon the full record of this chapter 11 case and all other pleadings and proceedings, including the Sale Motion; and after due deliberation thereon, and good and sufficient cause appearing therefor, **THE COURT HEREBY FINDS THAT**:[2]

I.    **Jurisdiction, Final Order, and Statutory Predicates.**

A.    This Court has jurisdiction to hear and determine the Sale Motion pursuant to 28 U.S.C. §§ 157(b)(l) and 1334(a). Venue is proper in this District and in this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

B.    The statutory predicates for the relief requested in the Sale Motion are sections 105(a), 363, and 365, 503 and 507 of the Bankruptcy Code and Bankruptcy Rules 2002(a)(2), 6004, 6006, 9007, and 9014.

---

[2] All findings of fact and conclusions of law announced by the Court at the hearings in relation to the Sale Motion are hereby incorporated herein to the extent not inconsistent herewith.

C.       This Sale Order constitutes a final order within the meaning of 28 U.S.C. § 158(a). Notwithstanding Bankruptcy Rules 6004(h) and 6006(d), and to any extent necessary under Bankruptcy Rule 9014 and rule 54(b) of the Federal Rules of Civil Procedure, as made applicable by Bankruptcy Rule 7054, the Court expressly finds that the stay set forth in Rule 6004(h) is hereby waived.

## II.      Notice of the Sale Motion.

D.       Notice of the Sale Motion was timely, proper, and reasonably calculated to provide interested parties with timely and proper notice, and no other or further notice of the Sale Motion, is, or shall be, required. The requirements of Bankruptcy Rule 6004(a) and the Local Rules are satisfied by such notice. A reasonable opportunity to object and be heard with respect to the Sale Motion and the relief requested therein has been afforded to all interested persons and entities, including the Notice Parties.

## III.     Good Faith of Purchaser and Debtor.

E.       The Contract was negotiated, proposed, and entered into by the Debtor and Wagner Property Group, LLC, or assigns (the "Purchaser" or the "Buyer"), without collusion, in good faith, and from arm's-length bargaining positions.

F.       The sale does not constitute a *sub rosa* chapter 11 plan. The Transaction neither impermissibly restructures the rights of the Debtor's creditors nor impermissibly dictates a chapter 11 plan for the Debtor.

G.       Neither the Debtor nor Purchaser have engaged in any conduct that would cause or permit the sale to be avoided under section 363(n) of the Bankruptcy Code. Purchaser is consummating the sale in good faith and is a good faith Purchaser within the meaning of section 363(m) of the Bankruptcy Code and is not an "insider" of the Debtor (as defined under section 101(31) of the Bankruptcy Code). Purchaser has proceeded in good faith in all respects in

connection with the sale. Purchaser is therefore entitled to all of the protections afforded under section 363(m) of the Bankruptcy Code.

**IV.    Highest or Otherwise Best Offer.**

H.    Given the particular circumstances, the sale afforded the highest or otherwise best offer to purchase the Property, since the Debtor was subject to imminent eviction.  The Contract constitutes the highest or otherwise best offer for the Property under the circumstances, and the Debtor's determination that the Contract constitutes the highest or otherwise best offer for the Property is based upon a valid and sound exercise of the Debtor's business judgment. The consideration to be paid by Purchaser under the Contract constitutes fair and reasonable consideration for the Property.

I.    Approval of the Sale Motion and the Contract and the consummation of the sale is in the best interests of the Debtor's chapter 11 estate, its creditors, and other parties in interest.

**V.    No Successor or Other Derivative Liability.**

J.    The Purchaser is not a mere continuation of the Debtor or its estate and there is no continuity of enterprise between the Purchaser and the Debtor. The Purchaser is not a successor to the Debtor or its estate by reason of any theory of law or equity, and the sale does not amount to a consolidation, merger, or *de facto* merger of Purchaser and the Debtor.

**VI.    Validity of Transfer.**

K.    The Contract was not entered into for the purpose of hindering, delaying, or defrauding creditors under the Bankruptcy Code or under the laws of the United States, any state, territory, possession, or the District of Columbia. Neither the Debtor nor the Purchaser is entering into the Transactions contemplated by the Contract fraudulently for the purpose of statutory and common law fraudulent conveyance and fraudulent transfer claims.

L.      The Debtor is the sole and lawful owner of the Property. The Property constitutes

property of the Debtor's estate and title thereto is vested in the Debtor's estate within the

meaning of section 541(a) of the Bankruptcy Code. Subject to section 363(f) of the Bankruptcy

Code, the transfer of the Property to the Purchaser will be, as of the Closing Date, a legal, valid,

and effective transfer of the Property, which transfer vests or will vest the Purchaser with all

right, title, and interest of the Debtor to the Property free and clear of (a) all liens (including any

liens as that term is defined in section 101(37) of the Bankruptcy Code) and encumbrances

relating to, accruing, or arising at any time prior to the Closing Date (collectively, the "Liens")

and (b) all debts arising under, relating to, or in connection with any act of the Debtor or claims

(as that term is defined in section 101(5) of the Bankruptcy Code), liabilities, obligations,

demands, guaranties, options in favor of third parties, rights, contractual commitments,

restrictions, interests, mortgages, hypothecations, charges, indentures, instruments, leases,

licenses, deeds of trust, security interests, conditional sale or other title retention, pledges,

judgments, claims for reimbursement, contribution, indemnity, exoneration, infringement,

products liability, alter-ego, and matters of any kind and nature, whether arising prior to or

subsequent to the commencement of this chapter 11, and whether imposed by agreement,

understanding, law, equity, or otherwise (including, without limitation, rights with respect to

Claims (as defined below) and Liens (A) that purport to give to any party a right of setoff or

recoupment against, or a right or option to affect any forfeiture, modification, profit sharing

interest, right of first refusal, purchase or repurchase right or option, or termination of the

Debtor's or the Purchaser's interests in the Property, or any similar rights, or (B) in respect of

taxes, restrictions, rights of first refusal, charges of interests of any kind or nature, if any,

including, without limitation, any restriction of use, voting, transfer, receipt of income or other

5

exercise of any attributes of ownership) (collectively, as defined in this clause (b), "Claims"), relating to, accruing or arising any time prior to entry of this Sale Order, with the exception of any such Liens or Claims that are expressly assumed by Purchaser or otherwise permitted under the Contract.

M.      Subject to the entry of this Sale Order, the Debtor has: (i) full requisite corporate or other organizational power and authority to execute, deliver, and perform its obligations under the Contract and all other documents contemplated thereby and (ii) taken all requisite corporate or other organizational action and formalities necessary to authorize and approve the execution, delivery and performance of its obligations under the Contract and to consummate the sale, including as required by their respective organizational documents, and, upon execution thereof, the Contract and the related documents were or will be deemed duly and validly executed and delivered by the Debtor and enforceable against the Debtor in accordance with its terms and, assuming due authorization, execution, and delivery thereof by the other parties thereto, constituted or will constitute a valid and binding obligation of the Debtor. No government, regulatory, or other consents or approvals, other than those expressly provided for in the Contract, were required for the execution, delivery, and performance by the Debtor of the Contract or the consummation of the sale contemplated thereby. No consents or approvals of the Debtor, other than those expressly provided for in the Contract or this Sale Order, are required for the Debtor to consummate the sale.

**VII.   Section 363(f) is Satisfied.**

N.      The conditions of section 363(f) of the Bankruptcy Code have been satisfied in full; therefore, the Debtor may sell the Property free and clear of any interest in the Property or as otherwise set forth in this Order.

O.      The Debtor may sell the Property free and clear of all Liens and Claims against the Debtor, its estate, or any of Property because, in each case, one or more of the standards set forth in section 363(f)(l)-(5) of the Bankruptcy Code has been satisfied. Those holders of Liens or Claims against the Debtor, its estate, or the Property of the Debtor, who did not object, or who withdrew their objections, to the sale or the Sale Motion are deemed to have consented pursuant to section 363(f)(2) of the Bankruptcy Code. All other holders of Liens or Claims (except to the extent that such Liens or Claims are Assumed Obligations) are adequately protected by having their Liens or Claims, if any, in each instance against the Debtor, its estate, or any Property of the Debtor, attach to the net cash proceeds of the Purchase Price ultimately attributable to the asset in which such creditor alleges a Lien or Claims, in the same order of priority, with the same validity, force, and effect that such Liens or Claims had prior to the transaction, subject to any claims and defenses the Debtor and its estate may possess with respect thereto. All other holders of Liens or Claims of any kind or nature whatsoever against the Debtor or the Property shall be forever prohibited, barred and estopped from pursuing or asserting any Liens or Claims against the Purchaser or any of its, property, successors, assigns or the Property.

## VIII.   Compelling Circumstances for an Immediate Sale.

P.      Good and sufficient reasons for approval of the Contract and the sale have been articulated. The relief requested in the Sale Motion is in the best interests of the Debtor, its estate, its creditors and other parties in interest. The Debtor has demonstrated both good, sufficient, and sound business purposes and justifications for approving the Contract and compelling circumstances for the sale outside the ordinary course of business, pursuant to section 363(b) of the Bankruptcy Code before, and outside of, a plan of reorganization, in that, among other things, the immediate consummation of the sale with the Purchaser is necessary and appropriate to

maximize the value of the Debtor's estate and the sale will provide the means for the Debtor to maximize distributions to creditors.

**THE COURT HEREBY ORDERS THAT**:

**I.    General Provisions.**

1.      The findings and conclusions set forth herein constitute the Court's findings of fact and conclusions of law pursuant to Bankruptcy Rule 7052, made applicable to this chapter 11 case pursuant to Bankruptcy Rule 9014. To the extent that any of the following findings of fact constitute conclusions of law, they are adopted as such. To the extent any of the following conclusions of law constitute findings of fact, they are adopted as such.

2.      The relief requested in the Sale Motion and the Transactions contemplated thereby and by the Contract are approved as set forth in this Sale Order and in the Motion, which is incorporated herein as if set forth fully in this Sale Order, and the sale contemplated thereby is approved.

3.      All objections or responses to the Sale Motion or the relief requested therein that have not been withdrawn, waived, settled, or adjudicated or by stipulation filed with the Court, and all reservations of rights included in such objections or otherwise, are hereby denied and overruled on the merits with prejudice, except as otherwise set forth herein. Any parties who did not object or withdrew their objections to the Sale Motion are deemed to have consented pursuant to section 363(f)(2) of the Bankruptcy Code.

**II.    Approval of the Contract.**

4.      The Contract and all other ancillary documents, and all of the terms and conditions thereof, are hereby approved in their entirety, pursuant to sections 105, 363, 364, and 554 of the Bankruptcy Code and Bankruptcy Rules 2002, 4001, 6004, and 9014, each as applicable.

5.       Pursuant to sections 363(b) and (f) of the Bankruptcy Code, the Debtor is authorized and empowered to take any and all actions necessary or appropriate to (a) consummate the sale pursuant to and in accordance with the terms and conditions of the Contract, (b) close the sale as contemplated in the Contract and this Sale Order, and (c) execute and deliver, perform under, consummate, implement, and fully close the Contract, together with all additional instruments and documents that may be reasonably necessary or desirable to implement the Contract and the sale.

6.       Subject to the restrictions set forth in this Sale Order and the Contract, the Debtor and the Purchaser hereby are authorized to take any and all actions as may be necessary or desirable to implement the sale, and any actions taken by the Debtor and the Purchaser necessary or desirable to implement the sale prior to the date of this Sale Order, hereby are approved and ratified.

7.       This Sale Order and the terms and provisions of the Contract shall be binding in all respects upon the Debtor, its estate, all creditors of and holders of equity interests in the Debtor, any holders of Liens, Claims, or other interests (whether known or unknown) in, against, or on all or any portion of the Contract, all counterparties to any executory contract or unexpired lease of the Debtor, the Purchaser and all successors and assigns of the Purchaser, the Debtor, and any trustees, examiners, or receivers, if any, subsequently appointed in any of the Debtor's chapter 11 cases or upon a conversion to chapter 7 under the Bankruptcy Code.  The Contract shall not be subject to rejection or avoidance by the Debtor, its estates, its creditors, its equity holders, or any trustee, examiner, or receiver. Any trustee appointed in this case (including a chapter 7 trustee) shall be and hereby is authorized to operate the business of the Debtor to the fullest extent necessary to permit compliance with the terms of this Sale Order. This Sale Order

and the Contract shall inure to the benefit of the Debtor, its estate and creditors, the Purchaser, and the respective successors and assigns of each of the foregoing.

**III.    Transfer of the Property.**

8.      Pursuant to sections 105(a), 363(b), 363(f), 365(b) and 365(f) of the Bankruptcy Code, the Debtor is authorized to transfer the Property to the Purchaser in accordance with the terms of the Contract and such transfer shall constitute a legal, valid, binding, and effective transfer of the Property and shall vest Purchaser with all right, title and interest in and to the Property, and, shall be free and clear of all Liens, Claims, and other interests of any kind or nature whatsoever, with all such Liens, Claims, or other interests to attach to the cash proceeds of the Purchase Price ultimately attributable to the property against or in which such Liens, Claims, or other interests are asserted, subject to the terms thereof, with the same validity, force, and effect, and in the same order of priority, which such Liens, Claims, or other interests had prior to the sale, subject to any rights, claims, and defenses the Debtor or its estate, as applicable, may possess with respect thereto.

9.      The Debtor is hereby authorized to take any and all actions necessary to consummate the Contract, including any actions that otherwise would require further approval by shareholders, members, or its board of directors, as the case may be, without the need of obtaining such approvals.

10.      The proceeds of the sale will be paid from the closing by Debtor or the title company as follows:

(1)      Real property taxes to be adjusted at the closing of the sale.

(2)      Necessary costs and expenses for the closing.

(3)      Real estate brokerage commissions for an amount up to 5% of the sale price.

10

(4)    The Secured Lender, Wilmington Trust, National Association, as Trustee, for the benefit of the Registered Holders of GS Mortgage Securities Corporation II, Commercial Mortgage Pass-Through Certificates, Series 2015-GS1 ("Secured Lender"), up to the amount of its Claim (Claim No. 1) (the "Claim").

(5)    The balance, if any, to the Debtor's bankruptcy estate.

In the event that the Claim of Secured Lender cannot be paid in full from the proceeds of sale and the Secured Lender is not willing to accept less than the full amount owed to of the Claim plus the amounts accruing post-petition, the Bankruptcy Court shall determine if the sale should be completed and proceeds distributed as set forth above based upon the positions of the Debtor and Secured Lender advanced at a separate hearing to be noticed by the Debtor with all rights of the Debtor and Secured Lender reserved.

11.    The sale of the Property to the Purchaser pursuant to the Contract and the consummation of the transactions contemplated by the Contract do not require any consent other than as specifically provided for in the Contract. Each and every federal, state, and local governmental agency or department is hereby directed to accept any and all documents and instruments necessary and appropriate to consummate the transactions contemplated by the Contract. A certified copy of this Sale Order may be filed with the appropriate clerk or recorded with the recorder of any state, county, or local authority to act to cancel any of the Liens, Claims, and other encumbrances of record.

12.    If any person or entity that has filed statements or other documents or agreements evidencing Claims or Liens on, or interests in, all or any portion of the Property shall not have delivered to the Debtor, in proper form for filing and executed by the appropriate parties, termination statements, instruments of satisfaction, releases of liens and easements, and any other documents necessary for the purpose of documenting the release of all Claims, Liens, or interests which the person or entity has or may assert with respect to all or any portion of the Property, the Debtor is hereby authorized, and the Purchaser is hereby authorized, on behalf of the Debtor and the Debtor's creditors, to execute and file such statements, instruments, releases

and other documents on behalf of such person or entity with respect to the Property. The Debtor and the Purchaser are each authorized to file a copy of this Sale Order, which, upon filing, shall be conclusive evidence of the release and termination of such Claim, Lien, or interest.

13.     This Sale Order is and shall be binding upon and govern the acts of all persons and entities, including, without limitation, all filing agents, filing officers, title agents, title companies, recorders of mortgages, recorders of deeds, registrars of deeds, administrative agencies, governmental departments, secretaries of state, federal, state, and local officials, and all other persons and entities who may be required by operation of law, the duties of their office, or contract, to accept, file, register, or otherwise record or release any documents or instruments, or who may be required to report or insure any title or state of title in or to any lease; and each of the foregoing persons and entities is hereby directed to accept for filing any and all of the documents and instruments necessary and appropriate to consummate the Transactions contemplated by the Contract.

**IV.     Prohibition of Actions Against the Purchaser.**

14.     Except as otherwise expressly provided for in this Sale Order or the Contract, the Purchaser shall not have any liability or other obligation of the Debtor arising under or related to the Property. Without limiting the generality of the foregoing, and except as otherwise specifically provided herein or in the Contract, the Purchaser shall not be liable for any Claims or Liens against the Debtor or any of their predecessors or affiliates, and the Purchaser shall have no successor or vicarious liabilities of any kind or character, including, but not limited to, under any theory of antitrust, environmental, successor, or transferee liability, labor law, *de facto* merger, mere continuation, or substantial continuity, whether known or unknown, now existing or hereafter arising, whether fixed or contingent, whether asserted or unasserted, whether legal or equitable, whether liquidated or unliquidated, and any taxes arising, accruing, or payable under,

12

out of, in connection with, or in any way relating to the operation of the Property except as expressly assumed under the Contract.

15.     Except as otherwise permitted by the Contract or this Sale Order, all persons and entities, including, but not limited to, all debt security holders, equity security holders, governmental, tax and regulatory authorities, lenders, trade creditors, litigation claimants, and other creditors, holding Liens, Claims, or other interests of any kind or nature whatsoever against or in all or any portion of the Property (whether legal or equitable, secured or unsecured, matured or unmatured, contingent or non-contingent, liquidated or unliquidated, senior or subordinate), arising under or out of, in connection with, or in any way relating to the Debtor, the operation of the Debtor's business prior to the closing of the sale, or the transfer of the Assts to the Purchaser, hereby are forever barred, estopped and permanently enjoined from asserting against the Purchaser, any of the foregoing's affiliates, successors, or assigns, their property or the Property, such persons' or entities' Liens, Claims, or interests in and to the Property, including, without limitation, the following actions: (a) commencing or continuing in any manner any action or other proceeding against the Purchaser and each of their affiliates, successors, assets or properties; (b) enforcing, attaching, collecting, or recovering in any manner any judgment, award, decree, or order against the Purchaser, and each of their affiliates, successors, assets, or properties; (c) creating, perfecting, or enforcing any Lien or other Claim against the Purchaser, its affiliates, successors, assets, or properties; (d) asserting any setoff, right of subrogation, or recoupment of any kind against any obligation due the Purchaser, its affiliates or its successors; (e) commencing or continuing any action, in any manner or place, that does not comply or is inconsistent with the provisions of this Sale Order or other orders of the Court, or the Contract or actions contemplated or taken in respect thereof; or (f) revoking, terminating or failing or

refusing to transfer or renew any license, permit or authorization to operate the business of the Debtor.

16.     All persons and entities are hereby forever prohibited and enjoined from taking any action that would adversely affect or interfere with the ability of the Debtor to sell and transfer the Property to the Purchaser in accordance with the terms of the Contract or this Sale Order.

17.     Except as provided in the Contract and this Sale Order and without limiting other applicable provisions of this Sale Order, the Purchaser is not, by virtue of the consummation of the sale, assuming, nor shall Purchaser be liable or responsible for, as a successor or otherwise (including with respect to successor or vicarious liabilities of any kind or character), under any theory of law or equity, including any theory of antitrust, environmental successor or transferee liability, labor law, *de facto* merger, or substantial continuity, any Liens or Claims, whether known or unknown, now existing or hereafter raised, which may be asserted or unasserted, fixed or contingent, liquidated or unliquidated with respect to the Debtor, or any of its predecessors or affiliates or any obligations of the Debtor or its predecessors or affiliates, for any liabilities, debts, commitments, or obligations (whether known or unknown, disclosed or undisclosed, absolute, contingent, inchoate, fixed or otherwise) in any way whatsoever relating to or arising from the Property or the Debtor's operation of its business or use of the Property or any such liabilities, debts, commitments, or obligations that in any way whatsoever are to be observed, paid, discharged, or performed (in each case, including any liabilities that result from, relate to or arise out of tort or product liability claims), or any liabilities calculable by reference to the Debtor or its operations (including by reference to the Debtor's experience or similar ratings), or relating to continuing conditions existing, including with respect to any of Debtor's predecessors

or affiliates, which liabilities, debts, commitments, and obligations are hereby extinguished insofar as they may give rise to successor liability, without regard to whether the claimant asserting any such liabilities, debts, commitments, or obligations has delivered to the Purchaser a release thereof. The Purchaser has given substantial consideration under the Contract for the benefit of the holders of any Liens or Claims. The consideration given by the Purchaser shall constitute valid and valuable consideration for the releases of any potential claims of successor liability of the Purchaser, which releases shall be deemed to have been given in favor of the Purchaser by all holders of Liens or Claims against or interests in the Debtor.

**V.    Other Provisions.**

18.    The consideration provided by the Purchaser to the Debtor pursuant to the Contract for the Property, under the circumstances constitutes reasonably equivalent value and fair consideration under the Bankruptcy Code, Uniform Fraudulent Transfer Act, Uniform Fraudulent Conveyance Act, and under the laws of the United States, any state, territory, possession, or the District of Columbia.

19.    The Transactions contemplated by the Contract are undertaken by the Purchaser without collusion and in good faith, as that term is defined in section 363(m) of the Bankruptcy Code, and, accordingly, the reversal or modification on appeal of the authorization provided herein to consummate the sale shall not affect the validity of the sale, or the assumption and assignment of the Lease, unless such authorization and such sale are duly stayed pending such appeal. The Purchaser is a good faith Purchaser within the meaning of section 363(m) of the Bankruptcy Code and, as such, is entitled to the full protections of section 363(m) of the Bankruptcy Code.

20.    For cause shown, pursuant to Bankruptcy Rules 6004(h) and 7062(g), this Sale Order shall not be stayed for fourteen (14) days.

21.     The failure to specifically include any particular provision of the Contract in this Sale Order shall not diminish or impair the effectiveness of such provision, it being the intent of the Court that the Contract be authorized and approved in its entirety; *provided* that this Sale Order shall govern if there is any inconsistency between the Contract (including all ancillary documents executed in connection therewith), and the Sale Motion.

22.     The Contract and any related agreements, documents, or other instruments may be modified, amended, or supplemented by the parties thereto and in accordance with the terms thereof, without further order of the Court.

23.     Counsel for the Debtor is directed to file a notice of sale within 14 days of the closing of the sale specifying the payment of sale proceeds and the distributions, if any, provided for herein.

24.     Notwithstanding anything to the contrary contained herein, the sale can only be consummated pursuant to a chapter 11 plan that incorporates this Sale Order, confirmed by the Court, unless the Court determines otherwise. The Court shall retain exclusive jurisdiction to, among other things, interpret, implement, and enforce the terms and provisions of this Sale Order and the Contract, all amendments thereto and any waivers and consents thereunder and each of the agreements executed in connection therewith to which the Debtor is a party or which has been assigned by the Debtor to the Purchaser, and to adjudicate, if necessary, any and all disputes concerning or relating in any way to the sale, including, but not limited to, retaining jurisdiction to: (a) compel delivery of the Property to the Purchaser (as applicable); (b) interpret, implement, and enforce the provisions of this Sale Order; (c) protect Purchaser against any Liens, Claims, or other interest in or against the Debtor or the Property of any kind or nature

16

whatsoever, attaching to the proceeds of the sale; and (d) enter any orders under sections 363 and 365 of the Bankruptcy Code with respect to assigned contracts, if any.

25.    Nothing here contained herein shall be deemed to modify, alter or amend the terms of this Court's Order Granting Relief from the Automatic Stay as to Wilmington Trust, National Association, as Trustee, for the benefit of the Registered Holders of GS Mortgage Securities Corporation II, Commercial Mortgage Pass-Through Certificates, Series 2015-GS1 [ECF No. 50] (the "Stay Relief Order"), and Secured Creditor shall be permitted to proceed in accordance with the Stay Relief Order notwithstanding anything to the contrary contained herein.



Dated: December 3, 2024
       Brooklyn, New York

                                      Jil Mazer-Marino
                          United States Bankruptcy Judge